Good afternoon. May it please the Court, my name is Harvey Sanders and I represent Roseanne Pajak. And I'm here today because Ms. Pajak should have the opportunity to have her case heard on the merits. This is a case in which the Equal Employment Opportunity Commission found reasonable cause to believe that the employer in question had not engaged in the appropriate interactive process to determine whether or not her disability could be accommodated. And the only reason that we're here is because of a deficiency in the service of the summons And under Rule 4M, there are two ways in which it could be justified to have an extension of time to serve. One would be as if there's good cause, and then if there's not good cause, then the Court's to engage in an equitable balancing test, and the Zapata case is the applicable case in question there. And here, there's no question that we met three out of the four criteria. There's no question that there's no question the statute of limitations here would bar the action if it were refiled. There's no question that the defendant had actual notice. There's no question that the prejudice to the defendant would be either none or minimal. So the only factor that doesn't weigh in our favor is the fact that the defendant did not conceal the defective service. And if that factor alone could trump the balancing of the equities, it would almost never apply because it's pretty rare for a defendant to actively conceal the defective service. The issue as to whether, and the Court, after applying those standards, went to the question of whether or not there was a colorable excuse. And the colorable excuse standard, by definition, is less than the good cause standard, because if good cause were found, we wouldn't need to engage in that balancing of the equitable factors. In the Zapata case, this Court failed to overturn the dismissal by the district court. And I would argue that the Zapata case on its facts is very significantly different than the facts that we have here. In the Zapata case, there was no notice to the officer in question. Here, there's no question that the State had notice of the claim as far back as 2015 when the EEOC charge had been filed, and certainly they had the amended complaint when it was served. In the Zapata case, the defendant had twice pointed out the failure to serve, once in its motion for an extension of time to answer, and then again in its answer. And in that instance, both of those times were before the 120 days had even run, whereas in our case, that didn't apply. In that case, the plaintiff served late and then waited a full two months after the fact to request any kind of non-protonque or other extension of time. We promptly moved for that. And the plaintiff's only argument there in terms of colorable excuse was the fact that they claimed in Zapata that they didn't have the badge and location of the officer in question. Here, our colorable excuse, which was false. But here, we had a colorable excuse, and I think that the court below overlooked that. And that relates to the language of the first decision in order, the November decision, which specifically ordered that the amended complaint be filed and served and a certificate of service be filed. And certainly we did that within the timeframe required. And the court below acknowledged that it might have been clearer, obviously, in its decision. And we're not saying it's the court's fault, obviously, and we're not saying, I think it was suggested in defendant Appellee's papers, that we intentionally failed to serve the summons. And we're not saying we intentionally failed to serve the summons. But we did comply with the letter of that. And it is more common when you're filing an amended complaint to not have to serve a summons at that point in time, because typically the summons would have already been served. And so I think that we have a colorable excuse that we've offered. The courts, this Court has held that Rule 4 is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice. And here, in fact, that was the case. And I acknowledge these cases are fairly rare. I would bring to the Court's attention, there are a couple of district court decisions that came down since we put in our first brief, one in the Eastern District of New York, Phillips v. Long Island Railroad, which came down on March 4th of 2019, CV 13-7317. And that was a case in which there was a defective summons because it was unsigned and unsealed, and so therefore they didn't serve the summons and complaint, and yet the Court allowed them additional time to file. In a case out of the Western District of New York, just March 20th of 2019, Klein v. Department of Veterans Affairs, and again, the Court granted the additional time request because the plaintiff had been making efforts to serve. Here, we made — Can I ask you a question? Of course, Your Honor. How did the defendant initially find out about the fact that you filed the complaint? How did the defendant find out? Well, I mean, they — Apparently, I believe I read it, either in the district court opinion or in one of the the EEOC charge being filed, they were aware that the complaint was filed just because they monitor filings to see when claims are filed against them, but they also had it when we served the amended complaint, and they would have seen it when the — I know the answer to this myself, but how does electronic filing affect this? In other words, everybody gets notice of any filing automatically. True, but only if they've appeared. So I don't think that electronic filing would automatically give them notice. I think that — I don't know the answer, which is — My understanding in talking to other assistant attorney generals is that the attorney general's office monitors filings against the state to see when cases are filed, even before they're served. So do you — again, when you file a complaint, do you provide the address of the defendant? Of course. But I don't think the court doesn't necessarily then go and notify them through the ECF system. When this happens, it's all done automatically. Yes, absolutely, absolutely. But here, there's no dispute that the defendant had notice, and I think that really is the key turning point that the courts have looked to as to whether or not leave should be granted. So here, we asked for three things. We asked that the December 7th service of the amended complaint be deemed sufficient, even though the summons hadn't come at that time. We asked that the January 29th service, which did include both the summons and complaint, be deemed adequate. And we asked that we be granted additional time to serve if neither of those would be deemed sufficient, and the court declined to do so. Thank you. I've reserved time, unless anyone has any further questions. Thank you very much. Thank you, Your Honor. You've reserved two minutes. Good afternoon, Your Honors. Kate Nevue for the defendant. May it please the Court? Your Honors, the only way that this Court can address whether the district court's decision was an abuse of discretion is if first plaintiff offers a colorable excuse for her neglect. The colorable excuse that plaintiff has offered today is that the district court's order extending her time to file and serve did not mention the summons. But plaintiff has also said that she didn't rely on that order, that she didn't purposely leave out the summons. So the fact that the district court didn't mention the summons is not a colorable excuse for her neglect because it didn't cause her to leave out the summons. Absent a colorable excuse, this Court doesn't even get into the abuse of discretion analysis. How are you prejudiced? We're not arguing prejudice, Your Honor, but that's only what we're arguing. Excuse me. I misspoke. I'm sorry, Your Honor. I'd like to know how you were. I misspoke. We're prejudiced by the fact that we – that this would be a reviving of a time-barred complaint. But we certainly – I have no personal – It was dismissed. Yes. I mean, how are you prejudiced by the failure to get the notice that was – that you claim you didn't get on Rule 4? Your Honor, we're not – we're not disputing that at least as of December 2017 we received the amended complaint. I have no personal knowledge as to whether we would have notice before then. But it's well established that this – that the dismissal here is within the permissible range of outcomes. It is within the court's – the district court's discretion. The district court followed the proper procedure by weighing the impact on the parties, including the fact that as this court has directed, it cannot ignore the fact that without good cause, which there was none here, that the reason for the whole situation is the plaintiff's neglect. And it – But the whole reason for the rule is so that you get notice. You got notice. I'm just – I'm just trying to figure out why – Your Honor, this Court has said in the Moliere v. Strong case that even if the court might not have done – even if the – this Court might not have taken – done this in the first instance, and even if the result is harsh, that by itself does not make this a reversible abuse of discretion. There is no abuse of discretion. Even if we got to abuse of discretion, even if there was a colorable excuse, which, again, there is not, because the excuse offered did not cause plaintiff's error. Plaintiff made an error. And – but did not – that error did not happen because plaintiff relied on the district court's order. So therefore, there's not even getting to the question of abuse of discretion. But even if we did – Twenty – 28 U.S.C. 2111 says that on the hearing of any appeal, or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties. And I'm just trying to understand how this error affected your substantial rights. Your Honor, that's – I don't have that statute to my – obviously, I trust what you're saying. But what this Court has held in Zapata and subsequently is that this is the procedure that is followed in dealing with rule 4 motions to dismiss, that it's to the sound discretion of the district court where there is no good cause for the failure to serve, because rules, as the district court recognized, are there for a reason. And for them to exist at all, they must have consequences. They're there for a reason, ultimately, to see that justice is done and no party is prejudiced as a result of the fact that the law was not followed. But I'm just trying to see how you are prejudiced, that's all. Again, Your Honor, what we're talking about here is an abuse of discretion standard that's well established in this Court's precedent, and there is no such abuse of discretion here, even if you – again, even if you got to that stage. I would – You are respectfully declining to answer Judge Corman's question. I'm sorry, Your Honor. I didn't intend to. I believe that I had already stated that we did receive notice. I'm not claiming that we did. You know, my answer to are we prejudiced is we received notice in December of 2017 and that this would revive a time-barred claim. That is, I recognize that that's not substantial prejudice, but we don't need to show substantial prejudice. This is an abuse of discretion at most, even if you get to abuse of discretion, which, again, you do not. You've been inconvenienced. Your Honor, we were not given the proper notice that's required very plainly in the rule. I would just like to mention, Your Honors, that – Let me ask you – Yes, Your Honor. The opposing counsel is from Cheektowaga, New York, right? Yes. And are you from the Western District also? No, Your Honor. Oh, I see. You're down here. No, Your Honor. I live near Albany. I see. It seems to me you've gone to a lot of trouble, both of you, to pursue what is a very – I don't know. This is what Judge Corman may be reaching for. It doesn't seem like a very important issue to take to the Court of Appeals. Your Honor, I'm not – To come from Cheektowaga, much less Albany. Your Honor, I am not appellant, and I believe – Your Honor, I cannot – You're just trying to make a living. Your Honor, I believe, and I cannot say for certainty, but I believe that I put down on my oral argument statement that I would appear if the other party wanted argument. I would just like to mention briefly – Okay. Thank you. Your Honor, I'd just like to mention briefly that counsel stated that Rule 4 is to be construed liberally. The reference to that is a case called Roman Debt from 1986. In that case, this Court found good cause for the failure to serve, and so the statement about liberal construction was dicta and has not been cited or relied on since by this Court. I would just like – again, I would like to close by saying this Court's fully established the procedure to be followed in reviewing district court dismissals under Rule 4, and under that procedure that there is no ground to vacate the dismissal. Unless the Court has further questions, we will rest on our brief. Thanks very much. Thank you. Mr. Saunders. Just very briefly, I think opposing counsel has conceded that there's no prejudice, and because where there's no it is in some opportunity, then there wouldn't be any prejudice. But the abuse of discretion – That certainly weighs in our consideration, but you still have to show abuse of discretion, right? Exactly. And that's what I was going to turn to. So I think the abuse of discretion here is the Court's – Portbello's conclusion that no colorable excuse was offered when, in fact, we did offer an excuse. And I think it's different to say that we didn't intentionally fail to serve the summons. I mean, I didn't sit at my desk and say, oh, I'm not going to serve the summons even though Rule 4 says it does. Obviously, I didn't do that. But we did look at the district court's decision and the district court's decision said serve the amended complaint. And I told my staff, and obviously I take responsibility for it. The buck stops here. It's my firm. The Court said serve the amended complaint. Guys, serve the amended complaint. So we relied on it, but I'm not saying we intentionally failed to serve the summons. The reason why – Now, I understand that this was not a defiant reaction to the district court or even a conscious attempt to avoid the rule. Nevertheless, the rules did not get followed. And in that context, how do we say that the district court abused its discretion in dismissing? I mean, I acknowledge that you have an argument. It's not the kind of case where we sometimes see counsel just being incredibly inattentive or slovenly or something like that. But how do we say it's an abuse of discretion by the district court? I think because the court concluded that I hadn't even made a colorable excuse, and I think clearly I did. And by definition, that standard of colorable excuse is less of a standard than a good cause standard. So I don't have to meet that good cause standard. I only need to meet the colorable excuse standard. What do we do? I mean, if we were to say, yes, you made an excuse, so it's not that you gave no excuse. We remand the district judge says, yes, I understood that all along to be an excuse. I don't think it's good enough when it's the second time that the service has been deficient. Is that within the district court's discretion? I think that's what this Court has said before, that it would be as long as the district court considers each of the factors. And here, I think the fact that it didn't consider that I had offered that colorable excuse, that that's the abuse of discretion that failure to do so. Do you have any expectation that if we were to say that to the district court, to say, well, you know, there is an excuse here, and, you know, consider that? Do you think there's any chance we'd get a different assessment from the district court? Well, as Judge Calabreau said, I came all the way from Chicoagua to try to get Ms. Pajak a chance to get her case heard on the merits. So I'd like to hope so. Thanks very much. Thank you, Your Honors. We reserve the decision. We'll turn to the last.